UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD G. TURAY, et al.,

           Plaintiffs,

        v.

MARK SELING, et al.,

          Defendants.

CASE NO. C91-664RSM

CASE NO. C94-121RSM

FINDINGS OF FACT, CONCLUSIONS
OF LAW, AND ORDER REGARDING
OCTOBER 21, 2004 HEARING

On October 21, 2004, the Court held a regularly scheduled compliance hearing in this matter. In addition to testimony regarding matters both within and beyond the scope of the injunction, the Court heard argument regarding that scope and this Court's jurisdiction to modify a previous Order which is now on appeal. Those two issues will be addressed first.

The history of this case is well-known to all parties and need not be recited here. On June 10, 2004, following the October 2003 compliance hearing, the Honorable Robert S. Lasnik issued Findings of Fact, Conclusions of Law, and an Order substantially narrowing the injunction in this case. Specifically, the Court ordered that

> [t]he injunction in [this] matter is hereby narrowed to the one area where defendants have not substantially complied, namely the development and funding of off-island LRAs and the administration of the LRA [least restrictive alternative] protocol.
>
> . . . .
>
> Provided there is no significant "backsliding," the Court will dissolve the injunction when defendants have completed or substantially completed construction of an off-island

FINDINGS OF FACT AND CONCLUSIONS
OF LAW - 1

SCTF [secure community transition facility] such that its ultimate readiness for occupancy is assured.

Dkt. # 1906, p. 10.   The Court also found that defendants were no longer in contempt of Court, and ordered that "the contempt sanctions that have accrued need not be paid."   Id.   This portion of the June 10, 2004 Order has been appealed by plaintiffs, both the represented and the *pro se* plaintiffs.[1]

Prior to the October 2004 compliance hearing, plaintiffs obtained leave to present argument regarding this Court's jurisdiction to reconsider the contempt portion of the June 10 Order, despite the appeal.   Plaintiffs acknowledge the general rule that the filing of the Notice of Appeal "divests the district court of its control over those aspects of the case involved in the appeal." Estate of Conners by Meredith v. O'Connor, 6 F. 3d 656, 658 (9th Cir. 1993); quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam).   Nevertheless, plaintiffs argue that the Court has authority to "correct its own mistake" and thereby render the appeal moot.   Plaintiffs cite authority for the proposition that in cases such as this, where the court supervises a continuing course of conduct, **and** where new developments require additional supervisory action by the district court,

> an appeal from the supervisory order does not divest the district court of jurisdiction to continue its supervision, even though in the course of that supervision the court acts upon or modifies the order from which the appeal is taken.

Hoffman v. Beer Drivers and Saleman's Local No. 888, 536 F. 2d 1268, 1276 (9th Cir. 1976).  However, the issue on appeal here is not one that is subject to modification by further factual developments.  The Court made a definitive ruling, based on all the facts before it up to that time, that the accrued contempt sanctions need not be paid.  That determination is not a matter within this Court's supervision of defendant's continuing course of conduct.   Id.  Therefore the Court finds, as a matter of law, that it does not have jurisdiction to reconsider the matter now on appeal.

At the hearing, plaintiffs presented, with leave of Court, testimony regarding the functioning of oversight mechanisms at the Special Commitment Center (SCC), and other matters outside the scope of

---

[1]The *pro se* plaintiffs have also filed repeated motions for reconsideration of the Order denying contempt sanctions.  These have all been summarily denied, initially as untimely, and subsequently because the matter of sanctions is the issue on appeal.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

the narrowed injunction.   Plaintiffs argue that this testimony should be considered, both under the

Court's broad discretion to modify the injunction, and under the "backsliding" language in the June 10,

2004 Order.   As to the former argument, the Court's June 10 Order definitively narrowed the injunction

to the two specified areas, and this Court declines to consider any further modifications at this time.   As

to "backsliding", the appropriate time to present such evidence is, under the June 10 Order, when the

SCTF is completed or substantially completed, and the matter of dissolving the injunction is before the

Court.   That will properly be the subject of the next compliance hearing, to be set in October, 2005.

Thus, while the testimony of plaintiff's witnesses regarding SCC oversight is a matter of record and may

be reproduced at the next compliance hearing if relevant, the Court will not address it at this time.

With respect to the narrowed scope of the injunction, specifically matters regarding development

of the off-island SCTF and the administration of the LRA protocol, the Court now finds and rules as

follows:

I.  Findings of Fact

1.  The Court adopts the parties' Stipulated Facts regarding the King County SCTF, dated

October 18, 2004.

2.  The Court notes that subsequent to the hearing and presentation of the Stipulated Facts,

further developments reflected in defendants' monthly progress reports show that a contract for

construction of the SCTF has been signed and construction is now underway.   The discovery of

unknown structural deficiencies during demolition has resulted in an 18-day extension of the August,

2005 completion date.

3.  The LRA  protocol has been finalized, but no evidence was presented as to how it has actually

been applied.  The Court therefore makes no factual findings as to the LRA protocol at this time.  The

administration of the LRA protocol remains under the injunction.  Pursuant to the June 10, 2004 Order,

the Court will continue to monitor the administration of the LRA protocol to determine if the Department

of Corrections unduly interferes with the professional judgment of SCC staff regarding treatment.  The

FINDINGS OF FACT AND CONCLUSIONS
OF LAW - 3

Court will hear testimony regarding these matters at the next compliance hearing.

II. Conclusions of Law.

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

2. This Court found previously that, apart from one exception, defendants have substantially complied with the requirements of the injunction. The area of exception involves the development and funding of an off-island LRA, together with the development implementation of an LRA Protocol. These areas remain under injunction.

3. Federal court remedial decrees affecting state programs should be modified or dissolved as necessary to ensure that they do not unduly burden or restrict the constitutional prerogatives of a state. Board of Education of Oklahoma City v. Dowell, 498 U.S. 237, 245-49 (1991).   To that end, the Court has previously directed that "provided there is no significant 'backsliding' ", the Court will dissolve the injunction when the off-island  SCTF is compete or substantially complete so that its ultimate readiness for occupancy is assured.

4. The next injunction compliance hearing shall be set for 9:30 am on Friday, October 21, 2005. The subject of the hearing shall be the status of the SCTF and the LRA protocol.  Pre-hearing memoranda shall be filed on or before October 12, 2005.   A pre-hearing conference may be scheduled at the request of the parties.

5. Defendants shall continue to file and serve monthly reports regarding the status of the King County SCTF and the administration of the LRA protocol.

6. By previous Order of this Court, dated November 24, 1997, Case Nos. C94-211, C95-1111, and C96-415 were consolidated into Case No. C94-121.  Motions and Orders filed in that case are customarily entered in C91-664 as well.  To prevent confusion that has arisen from the filing of some motions in only one of the two cases, **the Court now consolidates the two remaining cases into one, using the lower case number of C91-664RSM.**  The caption shall be amended to reflect the current

 FINDINGS OF FACT AND CONCLUSIONS
OF LAW - 4

1   Superintendent of the SCC, and accordingly shall read <u>Richard Turay, et al., v. Henry Richards, Ph.D., et</u>

2   <u>al.</u>, C91-664RSM.   **Only this case number should appear on future filings.**

3

4            DATED this 14th  day of April, 2005.

5

6

7                                    RICARDO S. MARTINEZ
                                     UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   FINDINGS OF FACT AND CONCLUSIONS
     OF LAW - 5